VAN ARSDALE & WARNOCK vs. BOARDMAN, impl'd with Bull.

The *acceptor* to a bill of exchange, drawn in this state upon him, as a resident of another state or territory, (protested for non-payment,) is not liable for the damages mentioned in 1 R. S., 770, § 18, to wit: ten per cent. over and above the amount of the bill and interest.

The holder can recover such damages only, of the *drawer* or *endorser*.

The Defendants were acceptors of a foreign bill of exchange, drawn in New York, and payable in Mobile.    The declaration contained the common money counts, with a copy of the bill subjoined.    The Defendant

Boardman demurred to the declaration, and judgment having been rendered for the Plaintiffs on the demurrer; the damages were assessed by the clerk of Rensselaer, on the 27th day of July last. In addition to the amount of the bill of exchange, and the interest thereon from the time it became due, the clerk allowed the Plaintiff $124.88, for damages upon the protest of the bill for non-payment, at the rate of ten per cent. and the interest thereon. Judgment having been perfected upon the report of the clerk, the Defendant Boardman moved to set aside the assessment, upon the following grounds.

1st. That the *acceptor* was not liable for damages upon the protest of a foreign bill of exchange.

2d. That there was no count in the declaration under which such damages, if recoverable at all, could be recovered.

3d. That if the acceptor was liable for damages, they could only be recovered upon proof of protest for non-payment, and that the certificate of the notary at Mobile, the only evidence produced before the clerk, was not admissible evidence of such protest.

S. STEVENS, *for Deft.*

N. HILL, JR., *for Plffs.*

HARRIS, Justice.—According to the *law merchant* of Europe, the act of drawing a bill, implies an undertaking from *the drawer* to the payee, and every subsequent holder; that the person, on whom the bill is drawn, will accept it, on presentment, and will pay it when it becomes due. On the failure of the person upon whom the bill is drawn to accept it when presented, or to pay it at maturity, the *drawer* becomes liable to the holder for the amount of the bill, the expenses of protest, and the re-exchange between the place where the bill was payable, and the place where it was drawn. (Chitty on Bills, 7th American from 7th London ed., 106; 3 Kent's Com. 115.)

This liability for *re-exchange* exists only against the *drawer* and *endorser*. The acceptor is only chargeable with the sum specified in the bill, with interest. But in this country a different usage has always existed. It had its origin in the relation which existed between Great Britain and her American colonies. It was established for the benefit of the English merchant, through whom the colonial merchant made all his payments in Europe. It was one of the *badges of colonial dependence.* By this usage the holder of a bill of exchange drawn in the *colonies* upon Europe, was entitled to *twenty per cent.* in addition to what

he would be entitled to receive under the general law merchant; this usage, strange as it may now seem, continued until 1830, when by the adoption of the Revised Statutes, the rate of damages upon bills drawn in this state upon any person in Europe, was fixed at ten per cent., to be determined without reference to the rate of exchange between the place where the bill was drawn, and where it was payable. The same statute also regulates the rate of damages upon bills drawn in this state, upon persons in other states or places on this continent.

The counsel for the Plaintiffs insists that the statute referred to, (2 R. S., 770, § 18,) charges the damages recoverable under it, upon all the parties liable for the payment of the bill, that although by the law merchant the acceptor of a bill is not liable for damages upon the protest thereof, yet by the provisions of this statute he is chargeable to the same extent as the drawer or endorser. But I do not so understand the statute. Prior to 1819, there was no law or custom in this state regulating the payment of damages upon protested bills of exchange drawn in this state, and payable in another. In that year an act was passed by which, after reciting that "no certain and legal usage or custom hath yet been established within this state for subjecting the *drawers and endorsers* of bills of exchange drawn in this state upon other states, territories, and places on and adjacent to this continent, and north of the equator, to the payment of damages for refusal to accept, and delays of payment;" it is provided that whenever any such bills shall be returned unpaid, and shall have been duly protested for nonpayment, the holder shall be entitled to recover of the *drawer or endorser*, the damages prescribed in that act, over and above the amount of the bill, and interest thereon. The provisions of this act are, with some modifications in the Revised Statutes, with a more extensive regulation, by which the rate of damages upon all bills of exchange is fixed.

There is nothing in the provisions of the Revised Statutes on the subject from which it can be inferred that the legislature intended to change the liability of the parties to a bill of exchange. On the contrary, it seems to me very clear that the only object of the legislature was to establish a *fixed rate of damages*, to be recovered in all cases in which by the commercial law such damages were recoverable, leaving that law to determine who should, and who should not be liable for the payment of the damages thus regulated. The language of the statute is, "the rate of damages to be allowed and paid upon the usual protest of bills of exchange, shall be" as therein specified, without in any way indicating who shall, or who shall not be liable for such damages.

The Defendants are therefore only liable for the amount of the bill and interest, and the motion must be granted with costs. The Plaintiffs however may retain their judgment upon stipulating to deduct therefrom, the sum of $124.88, being the amount of the damages, and interest thereon, allowed by the clerk.